UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x:
In re                                          :    Chapter 11
                                               :
DIAL-A-MATTRESS OPERATING CORP., *et al.*, :    Case No. 09-41966 (DEM)
                                               :
             Debtors.                          :    (Jointly Administered)
---------------------------------------------------------------x

## STIPULATION AND ORDER BETWEEN DEBTORS AND NEWCO TRADING, LLC APPROVING AMENDMENT TO (A) LOAN AND SECURITY AGREEMENT AND (B) STALKING HORSE AGREEMENT

The debtors in the above-captioned cases (the "Debtors") and Newco Trading, LLC ("Newco" and together with the Debtors, the "Parties") enter into this stipulation and order (the "Stipulation"). In support of this Stipulation, the Parties represent as follows:

### RECITALS

WHEREAS, on April 16, 2009 the Bankruptcy Court entered that certain Final Order (A) Authorizing Debtors to Obtain Post-Petition Financing from Newco Trading LLC on a Secured and Super-Priority Administrative Expense Basis; and (B) Authorizing Use of Cash Collateral and Finding Adequate Protection; and (C) Granting Related Relief [Docket No. 87] (the "Final DIP Order"); and

WHEREAS, the Final DIP Order approved that certain Loan and Security Agreement dated as of March 27, 2009 by and between the Debtors and Newco Trading LLC (the "DIP Loan Agreement"); and

WHEREAS, the original Maturity Date under the DIP Loan Agreement was May 25, 2009 (the "Maturity Date"); and

WHEREAS, by Stipulation and Order Between Debtors and Newco Trading, LLC Extending Maturity Date Under Loan and Security Agreement entered by this Court on May 29, 2009, the Maturity Date was extended from May 25, 2009 through June 10, 2009 ("Amendment No. I"); and

WHEREAS, by Stipulation and Order Between Debtors and Newco Trading, LLC Extending Maturity Date Under Loan and Security Agreement entered by this Court on June 15,

2009, the Maturity Date was further extended from June 10, 2009 through June 22, 2009 ("Amendment No. II"); and

WHEREAS, the DIP Loan provides for total borrowings up to an original principal amount of Nine Hundred Thousand and No/100 Dollars ($900,000.00); and

WHEREAS, Amendment No. II increased the borrowings under the DIP Loan from Nine Hundred Thousand and No/100 Dollars ($900,000.00) to One Million Fifty Thousand and No/100 Dollars ($1,050,000.00); and

WHEREAS, to enable the Debtors to continue to borrow pursuant to the Final DIP Order and the DIP Loan Agreement, Newco has agreed to further extend the Maturity Date and increase the DIP Loan under the DIP Loan Agreement as more fully set forth in the agreement attached hereto as *Exhibit A* (the "Agreement"); and

WHEREAS, in addition to extending the Maturity Date under the DIP Loan, Newco has agreed to extend certain dates in that certain Asset Purchase Agreement dated as of March 20, 2009 between the Debtors and Newco Trading, LLC [Docket Nos. 20, 108] (the "Stalking Horse Agreement"); and

WHEREAS, Newco has agreed to extend the End Date (as defined in Section 11.1(b) of the Stalking Horse Agreement) to July 10, 2009; and

WHEREAS, Newco has further agreed to extend the date set forth in Section 9.2(d) of the Stalking Horse Agreement to July 10, 2009.

NOW, THEREFORE, the Court ORDERS that:

1. The Agreement is hereby approved.

2. The DIP Order is amended to reflect a new Maturity Date for the DIP Loan Agreement as June 30, 2009.

3. The DIP Order is further amended to increase the principal amount available under the DIP Loan from One Million Fifty Thousand and No/100 Dollars ($1,050,000.00) to One Million One Hundred Fifty Thousand and No/100 Dollars ($1,150,000.00).

4. 4. Section 11.1(b) of the Stalking Horse Agreement is hereby amended to reflect a new End Date of July 10, 2009, subject to further extensions that may be agreed upon in writing between Newco and the Debtors.

5. 5. Section 9.2(d) of the Stalking Horse Agreement is hereby amended by deleting the entire provision therefrom and by inserting in lieu thereof the following language:

6.

7. (d) the Sale Order shall have been entered, and the Closing shall have occurred on or before July 10, 2009 except in the case of either referenced date as may be agreed upon in writing by the Purchaser and Seller.

8.

9. **[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

10. 6. This Court shall have jurisdiction to hear and decide all issues relating to this Stipulation and Order.

Dated: June 26, 2009

| **MORITT HOCK HAMROFF & HOROWITZ LLP** | **DUANE MORRIS LLP** |
|---|---|
| /s/ Marc L. Hamroff | /s/ Gerard S. Catalanello |
| Marc L. Hamroff | Gerard S. Catalanello |
| Theresa A. Driscoll | James J. Vincequerra |
| 400 Garden City Plaza | 1540 Broadway |
| Garden City, NY 11530 | New York, NY 10036 |
| *Counsel to the Debtors and Debtors in Possession* | *Counsel to Newco Trading, LLC* |

**NO OBJECTION:**

/s/ Thomas A. Draghi
Thomas A. Draghi, Esq.
Westerman Ball Ederer
 Miller & Sharfstein LLP
170 Old Country Road
Suite 400
Mineola, New York 11501
*Counsel to the Official Committee
 of Unsecured Creditors*

**SO ORDERED this 29th day or June, 2009**

s/Dennis E. Milton
HONORABLE DENNIS E. MILTON
UNITED STATES BANKRUPTCY JUDGE

C:\Users\ccirino\AppData\Local\Temp\notes893CDE\~4454445.DOC

# EXHIBIT A

## AGREEMENT

This Agreement (the "Agreement") dated as of June 20, 2009 amends that certain DIP Loan and Security Agreement (the "Credit Agreement") is made effective as of the 27th day of March, 2009 by and among DIAL-A-MATTRESS OPERATING CORP., a New York corporation, 1-800-MATTRESS CORPORATION, a Delaware corporation, and DIAL-A-MATTRESS INTERNATIONAL LTD., a Delaware corporation (each as Debtor and Debtor-in-Possession and collectively, as "Borrower"), and NEWCO TRADING LLC, a New York limited liability company ("Lender"). All capitalized terms used in this letter but not otherwise defined have the meanings given in the Credit Agreement.

## W I T N E S S E T H:

The parties hereto desire to amend the definition of the term "Maturity Date" in the Credit Agreement (as amended by that certain Stipulation and Order Between Debtors and Newco Trading, LLC Extending Maturity Date Under Loan and Security Agreement entered by the Bankruptcy Court on June 15, 2009) on the terms and conditions hereinafter set forth below.

NOW, THEREFORE, the parties hereto agree as follows:

1. Section 1.1(ii) of the Credit Agreement is hereby amended by deleting therefrom the definition of the term Maturity Date and by inserting in lieu thereof the following:

> "Maturity Date" shall mean, unless otherwise accelerated pursuant to Article 9 hereof, the date that is the earlier to occur of (i) the Closing of the Transaction (such terms being defined in the Asset Purchase Agreement) as contemplated by the Asset Purchase Agreement, and (ii) June 30, 2009.

2. Section 9.1(h) of the Credit Agreement is hereby amended by deleting therefrom the date June 22, 2009 and by inserting in lieu thereof the date June 30, 2009.

3. This Agreement shall only become effective (if at all) upon the approval of the same by the Bankruptcy Court. Pending approval/disapproval of this Agreement by the Bankruptcy Court, but in no event subsequent to June 30, 2009 (the "Period"), subject to the terms, conditions and understandings contained in this Agreement, Lender hereby agrees to affirm and forbear during the Period from exercising and enforcing any of its remedies arising out of Events of Default which would occur solely as a result of (A) the Closing of the Transactions (such terms being defined in the Asset Purchase Agreement) as contemplated by the Asset Purchase Agreement referred to in clause (i) of the definition of the term Maturity Date (Section 1.1(ii) of the Credit Agreement) and the sale of Borrower's assets referenced in Section 9.1(h) of the Credit Agreement (B) failing to occur/close on or prior to June 30, 2009.

4. Until the earlier to occur of the (i) disapproval of this Agreement by the Bankruptcy Court and (ii) June 30, 2009, no Event of Default shall be deemed to have occurred by the passage of the June 22, 2009 Maturity Date.

# EXHIBIT A

5. The Credit Agreement and the other Loan Documents are further amended to increase the amount of the Loan (as that term is defined in the Credit Agreement) to One Million One Hundred Fifty Thousand and No/100 Dollars ($1,150,000.00).

6. Except as expressly amended hereby, the provisions of the Credit Agreement, the Final DIP Order and the other Loan Documents are and shall remain in full force and effect.

7. Notwithstanding anything contained herein to the contrary, Lender is not waiving, limiting or otherwise adversely affecting any of its rights, remedies or powers with respect to the Events of Default under the Credit Agreement and/or any of the other Loan Documents, by statute, at law or in equity, all of which rights, remedies and powers are expressly reserved. In addition, neither the passage of time nor the failure to act, or any acts which Lender may take in its discretion, shall be construed as waiving or modifying any term or condition of the Credit Agreement or any of the other Loan Documents, which remain in full force and effect in accordance with the original terms thereof. No oral communication from or on behalf of Lender shall constitute an agreement, commitment or evidence of any assurance or intention of Lender with respect to any aspect of the Credit Agreement or any of the other Loan Documents. Any agreement, commitment, assurance or intention of Lender with respect to any aspect of the Credit Agreement or any of the other Loan Documents shall be effective only if in writing and signed by an authorized officer of Lender.

8. No modification of this Agreement shall be binding or enforceable unless in writing and signed by or on behalf of the party against whom enforcement is sought. This Agreement has been made, executed and delivered in the State of New York and will be construed in accordance with and governed by the laws of such State without regard to conflict of law principles. This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and any of the parties hereto may execute this Agreement by signing any such counterpart.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

# EXHIBIT A

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**BORROWER:**

**DIAL-A-MATTRESS OPERATING CORP.,**
a New York corporation

By: _[signature]_
Name: Joe Vicens
Title: EVP - General Manager

**1-800-MATTRESS CORPORATION,**
a Delaware corporation

By: _[signature]_
Name: Joe Vicens
Title: EVP - General Manager

**DIAL-A-MATTRESS INTERNATIONAL LTD.,**
a Delaware corporation

By: _[signature]_
Name: Joe Vicens
Title: EVP - General Manager

**LENDER:**

**NEWCO TRADING LLC,**
a New York limited liability company

By: _____
Name: _____
Title: _____

# EXHIBIT A

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**BORROWER:**

**DIAL-A-MATTRESS OPERATING CORP.,**
a New York corporation

By:_____
Name:_____
Title:_____

**1-800-MATTRESS CORPORATION,**
a Delaware corporation

By:_____
Name:_____
Title:_____

**DIAL-A-MATTRESS INTERNATIONAL LTD.,**
a Delaware corporation

By:_____
Name:_____
Title:_____

**LENDER:**

**NEWCO TRADING LLC,**
a New York limited liability company

By: /s/ [signature]
Name:_____
Title:_____