UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                    Case No.: 1-09-41966-dem

D-A-M Liquidating Corp., et al.                                Chapter 11

                      Debtors.                                     (Jointly Administered)
--------------------------------------------------------x

Appearances:

Marc L. Hamroff, Esq.
Theresa A. Driscoll, Esq
Moritt Hock Hamroff & Horowitz, LLP
Attorneys for Debtors and Debtors-in-Possession
400 Garden City Plaza
Garden City, New York 11530

Thomas Draghi, Esq
Westerman Ball Ederer Miller & Sharfstein, LLP
Attorneys for Official Committee of Unsecured Creditors
1700 Old Country Road
Mineola, New York 11530

Jeffrey Manning
Trenwith Group, LLC
100 Park Avenue
New York, NY 10017

William Curtin, Esq.
Office of the United States Trustee
271 Cadman Plaza East
Brooklyn, New York 11201

## DECISION AND ORDER OF REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. § 330 OF TRENWITH SECURITIES, LLC

       The matter is before the Court on the application of Trenwith Securities LLC ("Trenwith") for reimbursement of expenses pursuant to Section 330 of United States Bankruptcy Code. By separate Order dated March 12, 2010, this Court awarded Trenwith compensation for its professional services rendered, and stated that it would award

reimbursement of expenses in an amount to be determined in a separate Decision and Order.

Under the terms of Engagement Letter, Trenwith is entitled to reimbursement of expenses, subject to Court review and approval. Engagement Letter ¶ 6. Trenwith has asked the Court for reimbursement of expenses in the amount of $9,340.49. Upon review and under the reasonable standard of Section 330 of the Bankruptcy Code, the Court awards Trenwith reimbursement of expenses in the amount of $7,939.42.

## The Standard for Review

Section 330(a)(2) of the Bankruptcy Code allows the court to reimburse a professional for "actual, necessary expenses." 11 U.S.C. § 330. In determining the appropriate fees to be awarded to professionals hired to assist with a bankruptcy case, the Court must look to 11 U.S.C. § 330, which provides in part:

> (a) (1) After notice to any parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award... to a professional person employed under section 327 or 1103
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney, and by any paraprofessional person employed by such person; and,
>
> (B) reimbursement for actual, necessary expenses.

The bankruptcy court has an affirmative duty to examine the propriety of fees and expenses even where no objections are raised. In re Poseidon Pools of America, Inc., 180 B.R. 718, 728 (Bankr. E.D.N.Y. 1995). Section 330 instills the court with discretionary authority. See Zolfo Cooper & Co. v. Sunbeam-Oster Company, Inc., 50 F.3d 253, 258 (3d Cir. 1995) (citing In re Busy Beaver Bldg. Ctrs., 19 F.3d 833 (3d Cir. 1994)). "The fee applicant has the burden of

proving that it has earned the fees it requests, and that the fees are reasonable." Zolfo Cooper & Co., 50 F.3d at 261; See also In re Poseidon Pools of America, Inc., 180 B.R. at 728; In re Navis Realty, Inc., 126 B.R. 137, 145 (Bankr. E.D.N.Y. 1991).

      The Court finds that the services provided by Trenwith to the debtors were actual and necessary services rendered for the benefit of the estate. Trenwith created a virtual data room, prepared material for disclosure to potential purchasers, solicited potential qualified purchasers, assisted the debtors in establishing criteria for potential qualified purchasers, assisted the debtors in establishing bidding procedures, and organized and conducted a successful auction. Trenwith also provided services to the debtors in the form of recommending the highest and best offer and presenting the recommendation to the bankruptcy court.

      In reviewing fees under Section 330, courts are allowed to utilize across the board percentage cuts in fee awards so that courts do not misuse their time "set[ting] forth item-by-item findings concerning what maybe countless objections to individual billing items." McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006); Williamsburg Fair Housing Committee v. The New York City Housing Authority, 2007 WL 486610,*5 (S.D.N.Y. February 14, 2007); Daiwa Special Asset Corp., 2002 WL 31767817,*2 (citing Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). See also In re Poseidon Pools of America, 180 BR. at 751; In re Navis Realty, Inc., 126 B.R. at 144; In re Adventist Living Ctrs., Inc., 137 B.R. 701, 706 (Bankr.N.D.Ill. 1991).

      This Court shall apply the same practice with regard to the request for reimbursement of expenses in this case. In reviewing the records, the Court finds that there was

a substantial amount of time, 40.7 hours, and expense, $2,931.92, spent on travel in this case.[1] The Court finds that these expenses fees are excessive. It does not believe they represent the most economical means of travel. The estate should not bear these costs. Accordingly, the Court has deducted fifteen (15) per cent of the expenses reflected in the request for reimbursement.[2] The Court shall reduce the expenses authorized by the amount of $1,401.07, and approved payment of the request for reimbursement in the amount of $7,939.42.

       The Court awards Trenwith reimbursement of expenses in the amount of $7,939.42, and directs Morrit Hock Hamroth & Horowitz, LLP, as Escrow Agent in the same manner as the award of compensation. Accordingly, Morrit Hock Hamroth & Horowitz, LLP, as Escrow Agent, is hereby authorized and directed to pay Trenwith the amount set forth herein from the Escrow Accounts established in these cases pursuant to (i) that certain Final Order (A) Authorizing Debtors to Obtain Post-Petition Financing from Newco Trading LLC on a Secured and Super-Priority Administrative Expense Basis; and (B) Authorizing Use of Cash Collateral and Finding Adequate Protection; and (C) Granting Related Relief entered by the Court on April

---

[1] Of particular note are the following expenses:
- April 3, 2009, Transportation to client meeting totaling $103.02.
- April 16, 2009, Train for client meeting totaling $275.00.
- May 15, 2009, Train for Client Meetings between Baltimore & NYC $255.00
- July 6, 2009, Tolls/Mileage Round Trip Travel between Baltimore & NYC totaling $112.00.

[2] In instances where block billing occurs, courts have reduced legal fees in varying percentages ranging from 5% to 100%. See e.g., In re Charis Hosp., LLC, 360 B.R. 190,200 (Bankr. M.D.La. 2007)(court disallowed 50% of block billed time entries); In re Dimas, LLC, 357 B.R. at 580-82 (court disallowed 100% of block billed time entries); In re Teraforce Technology Corp., 347 B.R 838, 857 (Bankr. N.D.Tex. 2006)(court disallowed 50% of block billed time entries); Gundlach v. Nat'l Ass'n for Advancement of Colored People, Inc., 2005 WL 2012738 (M.D. Fla. August 16, 2005)(court utilized a 30% reduction of the total legal fees claimed due to use of block billing); In re Worldwide Direct, Inc., 316 B.R. at 643 (lump sum reduction due to block billed entries) Sec. And Exch. Comm'n v. Mobley, 2000 WL 1702024, *2 (S.D.N.Y. November 13, 2000)(lump sum reduction due to block billed time entries); In re Recycling Industries, Inc., 243 B.R. at 406- 07(court disallowed 5% of total legal fees claimed due to use of block billing).

16, 2009 [Docket No. 87] and (ii) Order (I) Approving Consulting Agreement for the Wind-Down Period, (II) Approving Wind-Down Escrow Agreement and (III) Granting Related Relief entered by the Court on September 29, 2009 [Docket No. 343]

This Court shall retain jurisdiction to hear and determine all matters in connection with or arising from implementation of this Order.

Dated: Brooklyn, New York
       March 31, 2010

                                              S/ Dennis E. Milton
                                              DENNIS E. MILTON
                                      United States Bankruptcy Judge